IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARNELL M. HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cv162 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DENNY'S RESTAURANT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing nos. 30 and 32, the Notices of Appeal filed by the plaintiff, Sharnell M. Horne, and filing no. 33, the plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP") on appeal. The plaintiff received leave to proceed IFP in the district court, and I do not certify that her appeal is not in good faith. Therefore, the plaintiff's Motion for Leave to Proceed IFP on appeal is granted pursuant to Fed. R. App. P. 24(a)(3).[1]

In filing no. 30, the plaintiff appeals from the Judgment entered in the above-entitled case on August 10, 2004 (filing nos. 17 and 18). In filing no. 32, the plaintiff appeals the Order of March 28, 2005 (filing no. 29) in which I denied a postjudgment motion filed by the plaintiff and in which I noted that this case has been closed. I find that the appeal from

---

[1] Fed. R. App. P. 24(a)(3) states: "(a) Leave to Proceed in Forma Pauperis .... (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding."

the judgment is untimely.[2] While filing no. 32 is not untimely, it is doubtful that the Order of March 28, 2005 (filing no. 29) can be reviewed independently of the Judgment. As the plaintiff's Notice of Appeal from the Judgment is untimely, the Clerk of Court shall forward a copy of this Memorandum and Order to the parties and to the Eighth Circuit Court of Appeals.

SO ORDERED.

DATED this 20th day of April, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[2]Fed. R. App. P. 26(b)(1) divests this court of any authority to extend the appeal period sua sponte. In addition, the court may not sua sponte treat the plaintiff's late notice of appeal as a request for an extension under Fed. R. App. P. 4(a)(5). See, e.g., Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 464 n. 4 (8th Cir.), cert. denied, 531 U.S. 929 (2000):

> The practice of accepting an untimely notice of appeal for filing without a motion and a showing of excusable neglect was rendered invalid in 1979 when Federal Rule of Appellate Procedure 4 was amended to require a motion. See Campbell v. White, 721 F.2d 644, 645-46 (8th Cir. 1983) ("We think it clear that the 1979 amendment requires the filing of a motion and that the notice of appeal received after the date for filing notices may not be considered a motion for extension.").

Accord Jenkins v. Burtzloff, 69 F.3d 460, 463 (10th Cir. 1995) (even as to pro se parties, the filing of a notice of appeal cannot be treated as the equivalent of the filing of a motion for extension of time to appeal where a request for additional time is not manifest).

2